**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

KENNETH DANIELS,              :
                                      :
       Plaintiff,           :
                                        :
v.                            :       CASE NO.: 7:24-CV-142 (LAG)
                                        :
MAIN HIGHWAY LOGISTICS, LLC,  :
*et al.*,                          :
                                        :
       Defendants.       :
                                        :

## <u>ORDER</u>

Before the Court is Defendant Southwind Risk Retention Group, Inc.'s Motion for Judgment on the Pleadings. (Doc. 15). For the reasons below, Defendant Southwind's Motion is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff timely brings this renewal action pursuant to O.C.G.A. § 9-2-61.[1] This action was originally filed on October 2, 2023 in the State Court of Lowndes County and removed to the United States District Court for the Middle District of Georgia, Valdosta Division on December 1, 2023. (Doc. 1 ¶ 1). On July 30, 2024, the Court entered an order granting the Parties' Stipulation of Voluntary Dismissal. *See Daniels v. Main Highway Logistics LLC*, No. 7:23-CV-132 (WLS), (Docs. 11, 16) (M.D. Ga. 2024). On December 30, 2024, Plaintiff refiled the Complaint in the above-captioned matter, bringing claims against Defendants Main Highway Logistics LLC (Main Highway), Southwind Risk Retention Group, Inc. (Southwind), Jule Jones (Jones), John Does 1–3, and ABC Corporations 1–3. (Doc. 1).

---

[1]     "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of th[e same] state or in a federal court either within the original period of limitations or within six months after the discontinuance of dismissal," whichever is later. O.C.G.A. § 9-2-61(a).

On April 1, 2025, Defendant Southwind filed the Motion for Judgment on the Pleadings. (Doc. 15). Plaintiff did not file a response, and the time for doing so has passed. (*See* Docket). Thus, the Motion is ripe for review. *See* M.D. Ga. L. R. 7.2.

## FACTUAL BACKGROUND

This action arises from a motor vehicle accident between Plaintiff and Defendant Jones.[2] (*See* Doc. 1). On March 3, 2023, Defendant Jones was driving a tractor-trailer southbound on Interstate 75 (I-75) when "the driver-side front tire blew out causing [Defendant Jones] to lose control and strike a guardrail." (*Id.* ¶ 9). Parts of the tractor-trailer "broke off and crossed into the northbound lanes of [I-75]" striking Plaintiff's northbound vehicle, causing Plaintiff to lose control. (*Id.* ¶¶ 10–12). Plaintiff's vehicle eventually came to a rest on the right northbound shoulder of I-75. (*Id.* ¶ 12). Plaintiff alleges that as a result of the incident he suffered "severe and permanent injuries." (*Id.* ¶ 13). Plaintiff asserts that Defendant Jones was operating the tractor-trailer on behalf of Defendant Main Highway, and that Defendant Southwind was the insurer for Defendant Main Highway at the time of the incident. (*Id.* ¶¶ 20, 29). Thus, Plaintiff claims that Defendant Southwind is subject to direct action under O.C.G.A. § 40-2-140 and is responsible for any judgment rendered against Defendant Main Highway. (*Id.* ¶¶ 27–31).

## LEGAL STANDARD

Courts analyze motions for judgment on the pleadings using "the same standard as" motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018) (citation omitted). Rule 12(c) provides that "a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial." *King v. Akima Glob. Servs.*, 775 F. App'x 617, 620 (11th Cir. 2019) (per curiam); *Carbone*, 910 F.3d at 1350. The court will accept all material facts in the complaint as true and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted). Courts may only grant a motion for judgment on the pleadings "where there are no material

---

[2]     On a motion for judgment on the pleadings, the Court accepts all facts alleged in the Complaint (Doc. 1) as true. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). If there is a material dispute of fact in the parties' pleadings, the court must deny judgment on the pleadings. *Id.* (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)). Further, under Rule 12(b)(6), "a complaint must contain sufficient factual matter" to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the court, based on the factual allegations, can reasonably infer that the defendant is liable for the alleged misconduct and expect that discovery will reveal evidence of liability. *Id.*; *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

The only claim Plaintiff asserts against Defendant Southwind is a direct action claim, and Defendant Southwind—a foreign corporation—is not subject to direct action in Georgia under the Liability Risk Retention Act (LRRA). According to the Complaint, Defendant Southwind is "a foreign corporation" authorized to do business in the State of Georgia with its principal place of business in the State of North Carolina. (Doc. 1 ¶ 4). In *Reis*, the Georgia Supreme Court held that "direct action statutes both directly and indirectly regulate the operations of insurers of motor carries in Georgia[,]" and this type of regulating "is not allowed in the case of a foreign risk retention group by the express act of Congress in the LRRA." *Reis v. OOIDA Risk Retention Grp., Inc.*, 814 S.E.2d 338, 343 (Ga. 2018). Further, "it has long been settled that state laws that conflict with federal law are without effect[.]" *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 570 U.S. 472, 479–80 (2013) (internal quotation marks and citations omitted). Thus, Defendant Southwind is not subject to a direct action in Georgia and is entitled to judgment on the pleadings.

## CONCLUSION

Accordingly, Defendant Southwind's Motion for Judgment on the Pleadings (Doc. 15) is **GRANTED**.

**SO ORDERED**, this 31st day of December, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**